UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,

                      v.        08-CR-209A(Sr)

RASHAWN DEWER,

        Defendant.

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8. Presently pending before this Court is defendant's omnibus motion for discovery. Dkt. #13. At the conclusion of defendant's omnibus motion, the defendant includes two sections entitled "Suppression of Statements" and "Supression [sic] of Physical Evidence." Set forth below is this Court's Report, Recommendation and Order with respect to defendant's "motions" to suppress. The defendant's motion for discovery will be the subject of a separate Decision and Order.

## PRELIMINARY STATEMENT

The defendant, Rashawn Dewer, is charged in a three-count Indictment with having violated Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Counts 1 and 2), the defendant also faces a forfeiture count (Count 3) pursuant to Title 18, United States Code, Sections 924(d) and 3665 and Title 28, United States Code, Section 2461(c). Dkt. #7. As noted above, at the conclusion of his omnibus motion, the

defendant seeks the suppression of statements and physical evidence. Dkt. #13, ¶¶ 20-28. With the exception of a brief (four sentence) discussion of the basic principles articulated by the United States Supreme Court in *Miranda v. Arizona*, the defendant offers absolutely no factual or legal support for his conclusion that the defendant's statements and the physical evidence seized from his residence and garage should be suppressed. Defendant's request for an evidentiary hearing with respect to suppression is equally unsupported. Specifically, the defendant sets forth the following facts in support of his "motions" to suppress statements and physical evidence,

> **Suppression of Statements**
>
> 20) On May 29, 2008, United State [sic] Probation Officers conducted a search of 167 Lasalle Avenue in Buffalo, NY.
>
> 21) At the time of the search, the Defendant made statements regarding items seized during the search.
>
> 22) Before beginning investigatory questioning a defendant must be given their Miranda Warnings.
>
> 26) Without the proper warnings, a Defendants [sic] rights are violated and all statements that result there from [sic] should be suppressed.
>
> ***
>
> **Supression [sic] of Physical Evidence**
>
> 27) On May 29, 2008, United State [sic] Probation Officers conducted a warrantless search of 167 Lasalle Avenue in Buffalo, NY.
>
> 28) Any physical evidence derived from a warrantless search should be suppressed [sic] should also be suppressed as fruit of the poisonous tree insofar as defendant Dewer has standing to bring such a motion.

Dkt. #13, ¶¶ 20-22, 26-28. In addition to the foregoing, during oral argument,

counsel for the defendant argued that there was not a sufficient legal basis to justify the search, *to wit*, the Probation Officers lacked the requisite reasonable suspicion to conduct the search. Moreover, counsel for the defendant argued that the statements made by the defendant to the Probation Officers were made during a custodial interrogation and because the defendant was not given his *Miranda* warnings, such statements should be suppressed. For the following reasons, this Court recommends that contrary to counsel for the defendant's suggestion made during oral argument, an evidentiary hearing is not necessary and it is further recommended that defendant's "motions" to suppress statements and physical evidence be denied in their entirety.

## **FACTS**[1]

On May 18, 2007, following a conviction for conspiracy to possess with intent to distribute 50 kilograms or more of marijuana, Senior United States District Judge John T. Elfvin sentenced the defendant to a two year term of Probation with a special condition of six months home confinement to be monitored electronically. Dkt. #14-2. Thereafter, on May 29, 2007, the defendant met with Senior United States Probation Officer Cleophus J. Weeks wherein the defendant agreed to modify the conditions of his Probation to include, substance abuse testing and that the defendant "shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit

---

[1] Insofar as defendant's "motions"are devoid of any factual discussion, the facts, as stated herein, are taken from the government's "Response To Defendant's Omnibus Motion." Dkt. #14.

confiscation of any evidence or contraband discovered." Dkt. #14-2. Also on May 29, 2007, the defendant executed a document entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision" indicating that he voluntarily waived his statutory right to a hearing and the assistance of counsel and agreed to the modification of the conditions of his Probation. Dkt. #14-2.

On May 8, 2008, the defendant was arrested by the Buffalo Police Department and charged with Criminal Possession of Marijuana in the Third Degree, a Class E Felony, in violation of New York Penal Law Section 221.20 for possessing over eight ounces of marijuana. Dkt. #14, p.2. According to the Petition for Offender Under Supervision filed in the United States District Court for the Western District of New York on June 3, 2008, the details of defendant's arrest are as follows:

> The subject was arrested by the Buffalo Police Department on 5/8/08 at approximately 10:30 p.m. and charged with Criminal Possession of Marijuana - 3d Degree. According to the arrest report, officers initiated a traffic stop at the corner of Comstock and Dartmouth. The subject was driving the vehicle and the passenger was Christina J. Currie-Bishop. Ms. Bishop is the owner of the vehicle. Officers discovered a large brown paper containing 8 ounces of marijuana in the backseat behind the console. Both the subject and Ms. Currie-Bishop have been charged. A felony hearing is scheduled in Buffalo City Court on June 6th, 2008.

Dkt. #14-3. On May 29, 2008, United States Probation Officers searched the defendant's residence located at 167 Lasalle Avenue, Buffalo, New York. Dkt. #14, p.9. During the search, Probation Officers found 48 rounds of 9 millimeter ammunition, 50 rounds of .38 caliber ammunition, 37 rounds of .22 caliber ammunition, a ballistic vest, $3,549 in U.S. currency bundled in rubber bands, Cuban cigars and twenty-six non-

working cell phones. *Id*. Following the search, the Probation Officers asked the defendant, who was present at his residence during the search, about the ammunition. Dkt. #14, p.3. As noted in a Memorandum to File prepared by Senior United States Probation Officer Cleophus Weeks, dated May 29, 2008,

> [o]n 5/29/08 at approximately 7:30 a.m., the subject while seated in his living room located at 167 Lasalle Avenue, Buffalo, NY admitted to Officers Brian Burns and this officer that the ballistic vest was his. He advised that his mother gave it [sic] him as a result of one of his co-defendants being involved in a homicide. Furthermore, the subject did admit to the ammunition in the garage next to his personal tools and that he was aware of them. He indicated that he saw the ammunition at least every day. He also added the 9mm ammunition belonged to his mother.

Dkt. #14-4. Thereafter, Senior United States Probation Officer Weeks filed a Petition for Offender Under Supervision dated May 30, 2008 charging six violations of the conditions of defendant's Probation. Dkt. #14-3. Chief United States District Judge Richard J. Arcara ordered that a warrant be issued for the defendant's arrest on June 2, 2008. *Id*.

On August 12, 2008, the Grand Jury returned a three-count Indictment against the defendant. Dkt. #7. Count One charges that on or about May 29, 2008, after having previously been convicted on May 18, 2007 of a felony, the defendant possessed forty-eight (48) rounds of Blazer (CCI) 9 mm ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The defendant is charged in Count Two of the Indictment with possession of thirty-seven (37) rounds of Remington .22 caliber ammunition on May 29, 2008 after having previously been convicted of a

felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Finally, in Count Three, the Grand Jury charges that pursuant to Title 18, United States Code, Sections 924(d) and 3665 and Title 28, United States Code, Section 2461(c), if convicted of Counts One and Two of the Indictment, the defendant shall forfeit to the United States his interest in any "firearms and ammunition involved or used in the commission of the offense, or found in the possession or under the immediate control of the defendant at the time of arrest, including, but not limited to: (a) forty-eight (48) rounds of Blazer (CCI) 9 mm ammunition; (b) thirty-seven (37) rounds of Remington .22 caliber ammunition." Dkt. #7.

## DISCUSSION AND ANALYSIS

### Reasonable Suspicion

There is no dispute that a condition of defendant's Probation was that he shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion. Dkt. #14-2. During oral argument, counsel for the defendant argued that there was "not sufficient legal cause for the search" of the defendant's residence located at 167 Lasalle Avenue. In other words, defendant claims that reasonable suspicion did not exist to justify the search conducted on May 29, 2008 by United States Probation Officers. Following the defendant's argument through to its natural conclusion, absent reasonable suspicion to conduct the search, the evidence found during the search and the defendant's statements should be suppressed. Conversely, the government argues that the

defendant's May 2007 conviction for conspiracy to possess with intent to distribute 50 kilograms or more of marijuana, together with his May 8, 2008 arrest by the Buffalo Police Department for Criminal Possession of Marijuana in the Third Degree supplied Probation Officers with sufficient reasonable suspicion that the defendant (probationer) was engaged in criminal activity to search the defendant's residence and garage as provided for in the terms of his Probation.

Although defendant's motion and the government's response offer little more than conclusory statements in support of their respective positions and notwithstanding that over twenty days elapsed between the defendant's May 8, 2008 arrest and the Probation Officers' May 29, 2008 search, this Court agrees with the government that there existed reasonable suspicion that the defendant (probationer) was engaged in criminal activity to justify the search of defendant's residence and garage. Taken together, the defendant's May 2007 conviction for conspiracy to possess with intent to distribute 50 kilograms or more of marijuana and defendant's May 8, 2008 arrest for Criminal Possession of Marijuana in the Third Degree, provide sufficient reasonable suspicion for the May 29, 2008 search. In holding that reasonable suspicion is all that is required to justify a search of a probationer's home, the United States Supreme Court in *United States v. Knights*, 534 U.S. 112 (2001) reasoned,

> The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." [Defendant's] status as a probationer subject to a search condition informs both sides

of that balance. "Probation, like incarceration, is 'a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty.'" Probation is "one point ... on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." Inherent in the very nature of probation is that probationers "do not enjoy 'the absolute liberty to which every citizen is entitled.'" Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens. ... In assessing the governmental interest side of the balance, it must be remembered that "the very assumption of the institution of probation" is that the probationer "is more likely than the ordinary citizen to violate the law." ... The State has a dual concern with a probationer. On the one hand is the hope that he will successfully complete probation and be integrated back into the community. On the other is the concern, quite justified, that he will be more likely to engage in criminal conduct than an ordinary member of the community. ... We hold that the balance of these considerations requires no more than reasonable suspicion to conduct a search of this probationer's house. The degree of individualized suspicion required of a search is a determination of when there is a sufficiently high probability that criminal conduct is occurring to make the intrusion on the individual's privacy interest reasonable. Although the Fourth Amendment ordinarily requires the degree of probability embodied in the term "probable cause," a lesser degree satisfies the Constitution when the balance of governmental and private interests makes such a standard reasonable. Those interests warrant a lesser than probable-cause standard here. When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable. The same circumstances that lead us to conclude that reasonable suspicion is constitutionally sufficient also render a warrant requirement unnecessary.

534 U.S. 112, 118-121 (2001) (internal citations omitted). Following the Supreme Court's reasoning in *Knights* quoted above, this Court agrees with the government that

the defendant agreed to submit to a search of his person, residence, property and vehicle based on reasonable suspicion, that there was sufficient reasonable suspicion prior to the search that the defendant (probationer) was engaged in criminal activity and that a search warrant was not necessary.

**Defendant's Statements**

In addition to seeking the suppression of physical evidence found at the defendant's residence and garage, defendant's motion seeks the suppression of defendant's statements made to United States Probation Officers following the search on the grounds that the defendant was not given *Miranda* warnings before he gave statements to the Probation Officers. In its response, the government argues that the defendant's statements are admissible because the defendant was not in custody at the time the statements were made.

Because the defendant's motion contains only conclusory statements of law and little, if any, discussion of pertinent facts, the Court infers from these statements that the defendant believes he was subjected to "investigatory questioning" while in custody and that he should have been given *Miranda* warnings and that any statements made were involuntary. Moreover, the failure of the Probation Officers to give the defendant *Miranda* warnings should result in all of defendant's statements being suppressed. Conversely, the government contends that the defendant was not subjected to a custodial interrogation, rather he was interviewed by Probation Officers

on the couch in the living room of his residence concerning the results of the Probation search and that the statements made were voluntary. Dkt. #14, p.7. In further support of its argument that defendant was not in custody at the time the statements were made, the government asserts that the defendant's arrest came days later, on or after June 2, 2008, after Chief Judge Arcara ordered that an arrest warrant be issued. Dkt. #14-3. As was discussed during oral argument, the defendant, as a probationer, was obligated to cooperate with Probation Officers and to answer their questions truthfully. Specifically, counsel for the government advised the Court during oral argument that the standard probation conditions require a probationer to answer truthfully all inquiries made by a Probation Officer and that those standard conditions were applicable to the defendant. Accordingly, there is nothing in the record before this Court to suggest that the circumstances surrounding the defendant's statements were anything other than an interview by Probation Officers seeking to enforce the terms of the sentence of Probation imposed by Senior United States District Judge Elfvin in 2007 and not, as defendant would have this Court believe, a custodial interrogation for which *Miranda* warnings would be required.

**Necessity for a Suppression Hearing**

In order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing. *See United States v. Mathurin,* 148 F.3d 68 (2d Cir. 1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v.*

*Richardson*, 837 F. Supp. 570 (S.D.N.Y. 1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression). Indeed, the defendant's papers must raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion in order to require a hearing. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). In the instant case, any issues that could be inferred from the bare, conclusory allegations in defendant's motions to suppress statements and physical evidence are insufficient to create a need for an evidentiary hearing. Accordingly, based on the absence of any legal basis to even consider suppression as a remedy and there being no disputed issue of material fact sufficient to require an evidentiary hearing, this Court recommends that the defendant's motions to suppress statements and physical evidence be DENIED in their entirety and it is hereby

**ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

        **SO ORDERED.**

DATED:    Buffalo, New York
             September 15, 2009

                                          s/ *H. Kenneth Schroeder, Jr.*
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**